Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Reena I. Desai, MN State Bar No. 388311*
rdesai@nka.com
Caitlin L. Opperman, MN State Bar No. 399978*
copperman@nka.com
NICHOLS KASTER, PLLP
80 S. 8th Street, Suite 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

*Attorneys for Plaintiff and Others Similarly Situated*
*Additional Counsel Listed on Following Page*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guadalupe Menchaca, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TransPerfect Translations International, Inc.<br><br>Defendant. | **Case No.:**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)**<br><br>**(2) Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and IWC Wage Order(s))**<br><br>**(3) Waiting Time Penalties (Cal. Lab. Code §§ 201–203)** |

1  Benjamin L. Davis, III, MD Bar No. 29774*
   bdavis@nicholllaw.com
2  THE LAW OFFICES OF PETER T. NICHOLL
3  36 S. Charles Street, Suite 1700
   Baltimore, MD 21201
4  Telephone: (410) 402-5290

5
   Rachel Bien, CA State Bar No. 315886
6  rachel@osclegal.com
7  OLIVIER SCHREIBER & CHAO, LLP
   1149 N. Gower St., Suite 215
8  Los Angeles, CA 90038
9  Telephone: (415) 484-0980

10 *Pro hac vice application forthcoming

-2-
COLLECTIVE ACTION COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff Guadalupe Menchaca ("Plaintiff"), on behalf of herself and all others similarly situated. Plaintiff and those similarly situated are or were employed by TransPerfect Translations International, Inc. ("TransPerfect" or "Defendant"), as Project Managers, Senior Project Managers, Executive Project Managers, or other positions with similar titles and/or duties (collectively "Project Managers") and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective is made up of all persons employed by Defendant as Project Managers within the United States at any time from three years prior to the filing of this Complaint (the "Collective Period").

3. During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the FLSA Collective as required by federal law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to General Order No. 21-01, section 1.B.1.a.(1)(c), this action is properly assigned to the Western Division of the Central District of California because Plaintiff resides in Ventura County.

## PARTIES

7. Plaintiff Guadalupe Menchaca ("Plaintiff" or "Menchaca") is an adult resident of Moorpark, California. From approximately January 2020 to December 2020, Plaintiff was employed by Defendant as a Project Manager.

8. During her employment with Defendant, Menchaca worked in Defendant's office in Honolulu, Hawaii, and remotely from her home in Bakersfield and Moorpark, California. Plaintiff was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the California Labor Code.

9. Defendant is a New York corporation that, according to its website, is the world's largest language services provider. Its global group of companies completes over 400,000 projects per year, offering translation and language services, website and software localization, globalization management technology, multicultural marketing, legal support and e-discovery, e-learning platform internationalization, multimedia and studio solutions, and interpretation and call center support.

10. At all relevant times, Defendant's annual revenues have exceeded $500,000.00. Defendant operates in interstate commerce by, among other things, providing its services and business solutions in multiple states throughout the United States, including California.

11. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g), and the California Labor Code.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

13. Defendant's principal place of business is in New York, New York.

14. Defendant has thousands of clients throughout the United States, offering its services and solutions in industries including but not limited to life

sciences, travel and hospitality, gaming, retail and e-commerce, technology, entertainment, legal, digital marketing and advertising.

15. To assist its customers, Defendant employs Project Managers such as Plaintiff and others similarly situated across the country.

16. Regardless of their office location or specific job title, Project Managers have similar job responsibilities and perform similar duties.

17. The position of the Project Manager is responsible for coordinating project phases and stages of language projects. Specifically, Plaintiff and other similarly situated Project Managers worked with sales staff, designers, format specialists, computer engineers, quality managers, proofreaders, and linguists, acting as the point of contact throughout various phases of projects.

18. Plaintiff and other Project Managers were members of Defendant's production department and were primarily responsible for ensuring that projects were completed according to TransPerfect's contracts with its customers. Plaintiff and other Project Managers performed additional duties, including providing project updates and responding to Defendant's customers' requests.

19. In assisting with the completion of translation projects for Defendant's clients, Plaintiff and other Project Managers were required to follow specific procedures and instructions for the content, aesthetics, display, timing, and review of projects and other specifications, which varied depending on the type and scope of each project. In addition, Plaintiff and other Project Managers were required to communicate any issues, problems, or additional information to sales staff, who then relayed the information to Defendant's clients.

20. On certain projects, Plaintiff was not involved in the full life cycle of an entire project. Rather, she only oversaw a certain phase until the project was passed along to a different Project Manager who was assigned to it until completion.

21. Plaintiff and other Project Managers were paid an annual salary with no overtime pay.

22. Plaintiff and other similarly situated Project Managers were classified as exempt from state and federal overtime laws.

23. Defendant suffered and permitted Plaintiff and similarly situated individuals to work more than forty (40) hours per week. For example, during the week ending March 20, 2020, Plaintiff estimates that she worked approximately fifty (50) hours and did not receive overtime pay for her overtime hours worked.

24. Defendant was aware, or should have been aware, that Plaintiff and the other Project Managers performed non-exempt work that required payment of overtime compensation. For instance, Defendant often required Plaintiff and other Project Managers to work on multiple projects at once, often with short turnaround times, resulting in the need to work unpaid overtime hours.

25. Furthermore, from approximately March to December 2020, Defendant required Plaintiff and other Project Managers to record the hours they worked each day. Upon information and belief, these records will reflect that Plaintiff and other Project Managers worked unpaid overtime hours.

26. Defendant willfully operated under a common scheme to deprive Plaintiff and the other similarly situated Project Managers of proper overtime compensation as required under federal law.

27. Defendant was or should have been aware that Plaintiff and other Project Managers performed non-exempt work that required proper payment of overtime compensation. For instance, Plaintiff's manager informed her that because Plaintiff worked with Defendant's "VIP" customers, she was required to work until all of the projects assigned to those customers were complete, even if it required her to work overtime. As a result, there were instances when Defendant assigned these projects at the end of the day, which required Plaintiff to continue working into the evening until all of the work was completed.

-6-
COLLECTIVE ACTION COMPLAINT

28. Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the similarly situated individuals.

29. Plaintiff's employment with Defendant ended on December 31, 2020, but Defendant failed to pay all wages that were due at that time, including overtime premiums. More than 30 days have passed since the end of Plaintiff's employment, and Defendant still has not paid all wages that are due and owing.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

31. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked for Defendant as Project Managers, Senior Project Managers, Executive Project Managers, or other positions with similar job duties and/or job titles within the United States, excluding the state of New York, at any time during the last three (3) years prior to the filing of this Complaint ("FLSA Collective").

32. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

33. During the applicable statutory period, Plaintiff and the putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

34. At all times relevant to this Complaint, Plaintiff and other members of the FLSA Collective were misclassified as exempt employees ineligible for overtime pay. The primary duties Defendant assigned Plaintiff and other Project Managers do not satisfy the duties tests contained within any of the exemptions specified in the FLSA.

35. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring Project Managers and other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

(On Behalf of Plaintiff and the FLSA Collective)

37. Plaintiff, individually and on behalf of the FLSA Collective, realleges and incorporates by reference the above paragraphs as if fully set forth herein.

38. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

39. Defendant TransPerfect is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

40. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

41. Plaintiff and the FLSA Collective have worked more than forty hours (40) per week for Defendant during the applicable time period.

42. Defendant has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

43. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

44. Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

45. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## SECOND CLAIM FOR RELIEF

## OVERTIME - CALIFORNIA STATE LABOR CODE

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

(On Behalf of Plaintiff Menchaca)

48. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

50. By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510 and 1194.

51. The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

52. Plaintiff was a non-exempt employee entitled to be paid proper overtime compensation for all hours worked.

53. During the relevant statutory period, Plaintiff worked in excess of eight hours in a workday and/or forty hours in a work week for Defendant.

54. During the relevant statutory period, Defendant failed and refused to pay Plaintiff overtime compensation for overtime hours worked.

55. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff for her overtime hours worked.

56. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

57. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE
Cal. Labor Code §§ 201, 202 & 203

(On Behalf of Plaintiff Menchaca)

58. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

59. California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

60. Plaintiff is entitled to unpaid wages and overtime compensation, but to date has not received all such compensation.

61. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff whose employment with Defendant has ended, is entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violations of the overtime provisions of the FLSA;

d. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendant's violations of the FLSA are willful;

f. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

1  j. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually, prays for relief as follows:

a. Unpaid overtime wages, and other due wages, pursuant to California law;

b. Appropriate equitable relief to remedy Defendant's violations of state law;

c. Appropriate statutory penalties;

d. An award of damages and restitution to be paid by Defendant according to proof;

e. Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code § 1194 and California Code of Civil Procedure § 1021.5;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Such other equitable relief as the Court may deem just and proper.

Dated: December 3, 2021          **NICHOLS KASTER, LLP**

                    By:   /s/ Matthew C. Helland
                          Matthew C. Helland

                          ATTORNEYS FOR PLAINTIFF AND
                          OTHERS SIMILARLY SITUATED